AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2018 DEC 11  PM 3:35
DEPUTY CLERK _____

| | |
|---|---|
| United States of America<br>v.<br><br>ALEX CARBAJAL<br><br><br>*Defendant(s)* | )<br>)   Case No. **1-18MJ-0090**<br>)   1:18-MJ-_____-BL<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __December 9, 2018__ in the county of __Jones__ in the __Northern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21 U.S.C. §§ 841(a)(1); 841 (b)(1)(D) | Possession with the Intent to Distribute Marihuana |

This criminal complaint is based on these facts:

SEE ATTACHED CRIMINAL COMPLAINT AFFIDAVIT OF DEA SPECIAL AGENT JOVANNI SUAREZ WHICH IS ATTACHED AND INCORPORATED HEREIN.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Jovanni Suarez - SPECIAL AGENT - DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __12/11/2018__

_____
*Judge's signature*

City and state: __ABILENE, TEXAS__    E. SCOTT FROST, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Jovanni Suarez, after being duly sworn, depose and say as follows:

### I. Introduction

1. My name is Jovanni Suarez, I am an investigative or law enforcement officer for the United States, within the meaning of 18 U.S.C. § 2510(7), and I am empowered by law to investigate and arrest persons for offenses enumerated in 21 U.S.C. § 841.

2. I have been a DEA special agent since 2016, and I am currently assigned to the Dallas Field Division, Lubbock (Texas) Resident Office. I attended the DEA basic training academy located in Quantico, Virginia. There, I received training in investigating drug offenses, drug conspiracies, and financial crimes. In addition, I also received training in undercover operations, visual and electronic surveillance, interviewing confidential sources, executing searches and seizures, writing affidavits to support arrest and/or search warrants, recognizing drugs, exploiting communication devices, use of force, clandestine laboratory and laboratory procedures.

3. Based on my training and experience, I am familiar with the ways drug trafficking organizations (DTOs) conduct their business. My familiarity includes the methods by which DTOs illegally smuggle, distribute, and transport narcotics; their use of cellular telephones and stored-value cards to facilitate narcotic and cash smuggling activities; and their use of numerical codes and code words to conduct narcotic transactions. I am also familiar with the ways that DTOs conceal, convert, transmit, and transport currency and proceeds, and the use of third parties to purchase or hold title to assets.

## II. Probable Cause

4. I have probable cause to believe that Alex Carbajal has violated 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D), that is, possession with the intent to distribute marihuana, a schedule I controlled substance.

5. The following information is based on my own observations and information provided to me by other law enforcement officers involved in the investigation. Since I am submitting this affidavit for the limited purpose of establishing probable cause, I have not included every fact known to me and other investigators. Rather, I am only submitting the facts necessary to establish probable cause that Carbajal knowingly and intentionally possessed with the intent to distribute approximately sixty-eight (68) pounds marihuana.

## III. Background

6. On December 9, 2018, at approximately 2:00 p.m., Anson Police Department Officer Chris Levens conducted a traffic stop on a Chevrolet Avalanche. Officer Levens observed the vehicle traveling 42 miles per hour in a 30 mile per hour zone on Commercial Avenue in Anson, Jones County, Texas, which is located in the Northern District of Texas. The driver and sole occupant was identified as Alex Carbajal. Carbajal did not have proof of insurance or a driver's license, and the license plates on the Avalanche did not belong to it. Officer Levens became suspicious that Carbajal may have been trafficking narcotics, so he requested that Officer Michael Prado respond to the scene of the traffic stop with his National Drug Dog Association certified narcotic detection canine. After arriving on scene, Officer Prado deployed his narcotic detection

canine, who then conducted a free air sniff around the Avalanche. The canine alerted Officer Prado to the presence of narcotics inside the Avalanche.

7. Officers searched the Chevrolet Avalanche. During the search, officers discovered false bottoms to tool boxes in the sides of the bed of the Avalanche. Inside the modified tool boxes, officers found 60 plastic wrapped packages weighing approximately one pound each. Inside the packages, officers were able to identify the substance inside as marihuana from their training and experience.

8. After receiving his Miranda Warnings, Carbajal confessed that he had knowingly transported contraband from El Paso, TX with the intent to deliver the contraband to a recipient in Kansas.

## CONCLUSION

Based upon the information contained in this affidavit, I believe that there is probable cause to believe Alex Carbajal has committed a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D), that is, possession with the intent to distribute marihuana.

Jovanni Suarez, SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION

Sworn to before me on December __11__, 2018.

E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE

Affidavit - 3